*E-Filed 1/23/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL T. WHITE,

    Petitioner,

    v.

M.E. SPEARMAN, Warden,

    Respondent.

                                        /

No. C 13-3917 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2011, petitioner, without benefit of a plea bargain, pleaded no contest in the Monterey County Superior Court to a charge of burglary, and admitted to allegations that he had one prior strike conviction and six prison priors. (Ans., Ex. 3 at 33.) In 2012, the sentencing court struck two of the six prison priors, and imposed a sentence of 8 years in state prison. (*Id.* at 43.) Petitioner did not seek direct appeal. Rather, he sought, but was denied, collateral relief in the state courts. This federal habeas petition followed. As

grounds for federal habeas relief, petitioner claims that the trial court violated his right to due process when it used a civil commitment prison prior term to enhance his sentence.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

Petitioner claims that the trial court violated his right to due process when it enhanced his sentence with an invalid prior term of incarceration. This prior was invalid, according to petitioner, because it was a civil, rather than a criminal, commitment, and therefore cannot be used to enhance a sentence.[1] As noted above, petitioner pleaded no contest to a charge of burglary, admitted to having one prior strike conviction and six prison priors, and received a sentence of eight years. The sentencing court arrived at the term of eight years by imposing a sentence of two years for the burglary conviction, then doubled it based on the prior strike, struck two of the prison priors, and then, pursuant to Cal. Penal Code section 667.5(b), added one consecutive year for each of the remaining four prison priors. (Ans., Ex. 3 at 43.)

On habeas review, the state superior court rejected petitioner's claim:

> Petitioner is correct that a commitment to the California Rehabilitation Center fails to qualify as a prison prior. [Citations]. On Nov. 1, 2011, while represented by counsel, petitioner admitted that he suffered six prior prison terms. At sentencing on Feb. 22, 2006, the court struck two of the prison priors. There is no indication that the court relied upon petitioner's prior civil commitment in sentencing him . . .

(*Id.* at 44.)

Petitioner disputes the superior court's factual determination. He contends that the trial court must have used the ineligible civil commitment prior because it was the only prior term not subject to the "washout rule" under section 667.5(b).[2] (Under the "washout rule," a prior term may not be used to enhance a sentence if a defendant has remained free of custody and has not committed a new offense within five years of the prison term ending.) The

---

[1] In his traverse, petitioner raises claims not in the petition, e.g., that defense counsel was ineffective; that there were only five prison priors because his civil commitment was broken into two priors. These claims cannot be addressed because they were not raised in the petition, rather only in the traverse. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

[2] Petitioner's contention is flawed in that he assumes that the sentencing court must have used the civil prior because it was the only one not washed out. This assumption implies that the sentencing court knew that the civil prior was not washed out, and that it knew the others were washed out. Yet, if the sentencing court was willing to use three washed out priors, why would it be concerned whether the civil prior was not washed out?

implication of this contention is that none of the prior prison terms were eligible — the civil prior is barred for the reasons stated and the remaining priors were "washed out." To sum up, petitioner's claim falls into two parts. First, that the trial court impermissibly relied on the civil prior. Second, the trial court's reliance on the remaining priors was erroneous because those priors had been "washed out" by the statute.

## I.   Reliance on the Civil Prior

Petitioner claims that the sentencing court impermissibly used a civil commitment as a prior prison term. State sentencing courts must be accorded wide latitude in their decisions as to punishment. *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987). Generally, therefore, a federal court may not review a state sentence that is within statutory limits. *See id.* A federal court may vacate a state sentence imposed in violation of due process, however; for example, if a state trial judge (1) imposed a sentence in excess of state law, *see id.*, or (2) enhanced a sentence based on materially false or unreliable information or based on a conviction infected by constitutional error, *see United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995). Any error under state law is not remediable on federal habeas review, even if state law were erroneously interpreted or applied. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011). Also, a state court's decision that state law was correctly applied binds a federal court sitting in habeas review. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Habeas relief is not warranted here. This Court must presume as correct the state court's factual determination that the trial court did not rely on the civil prior in fashioning petitioner's sentence, unless petitioner can rebut the determination by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has made no such rebuttal. His concern is that one prior should not have been used. Here, two were in fact not used, the trial court instead relying on just four. The state superior court's determination that the civil prior was not used was reasonable and supported by the record and therefore is entitled to AEDPA deference. This claim is DENIED.

## II.     Failure to Apply the Washout Rule

Petitioner claims that the sentencing court violated his right to due process when it failed to apply the washout rule. He raised this claim to the state superior, appellate, and supreme courts. The superior court did not address this claim in its written opinion (though it did address the prior claim regarding the civil commitment), Ans., Ex. 3 at 43–44, and the appellate and supreme courts summarily denied his petitions containing this claim, *id.* at 46–47. This Court must presume that the state appellate and supreme courts rejected the claim on the merits, even though they issued summary denials, as it must assume that the state superior court ruled on the claim's merits, even though it did not explicitly do so in its reasoned opinion. *Harrington v. Richter*, 131 S. Ct. 770, 784–86 (2011)

Habeas relief is not warranted here. First, by rejecting the claim on the merits, the state courts determined that the sentencing court correctly applied state law when it used the four prior prison terms. Whether the priors were properly used or were in fact washed out are matters of state law, matters settled in this case by the state courts' decisions. Those decisions by state courts on matters of state law bind this federal habeas court. *Richey*, 546 U.S. at 76. Even if the state courts erroneously interpreted or applied state law, federal habeas relief would be unavailable. *Cooke*, 131 S. Ct. at 862.

Second, the state court's rejection of his federal claim was not unreasonable because petitioner admitted to the prison prior allegations. Under state law, "a defendant's admission to a sentencing enhancement allegation constitutes an admission of every element of the offense charged," *People v. Thomas*, 41 Cal. 3d 837, 844 & n.6 (1986), including an admission to a prior prison term under section 667.5(b), *People v. Maybee*, No. B233396, 2012 WL 2879016, *2 (Cal. Ct. App. July 16, 2012). The elements of section 667.5(b) are that a defendant "(1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." *People v. Tenner*, 6 Cal. 4th 559, 563 (1993). Here, when petitioner admitted

1  to the prison priors, he admitted to <u>all</u> the elements of the allegation, including that the prior
2  was not "washed out," the fourth element described above. The trial court based the sentence
3  on these very admissions. Therefore, it did not enhance the sentence on materially false or
4  unreliable information, or on a conviction infected by constitutional error. *Hanna*, 49 F.3d at
5  577. The admission also allowed the trial court to impose a sentence under section 667.5(b),
6  that is, within the statutory range. *See Walker*, 850 F.2d at 476.

7  Also, because petitioner admitted to the allegations, due process does not require that
8  the sentencing court inquire into or establish a factual basis for petitioner's plea. *Rodriguez*
9  *v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985) (due process does not require state courts to
10 establish a factual basis for a guilty plea, except under special circumstances, e.g., a
11 defendant's specific protestation of innocence). Under these standards, the state court's
12 rejection of petitioner's due process claim was not unreasonable and is entitled to AEDPA
13 deference. This claim is DENIED.

## CONCLUSION

15 The state court's denial of petitioner's claims did not result in a decision that was
16 contrary to, or involved an unreasonable application of, clearly established federal law, nor
17 did it result in a decision that was based on an unreasonable determination of the facts in
18 light of the evidence presented in the state court proceeding. Accordingly, the petition is
19 DENIED. The Clerk shall enter judgment in favor of respondent, and close the file.

20 A certificate of appealability ("COA") will <u>not</u> issue as to Claim 1, that the state court
21 impermissibly used a civil commitment prior. Reasonable jurists would not "find the district
22 court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529
23 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth
24 Circuit Court of Appeals.

25 A COA will issue as to Claim 2, that the state court failed to apply the washout rule,
26 the Court having concluded that petitioner has met the standard justifying issuance of a COA
27 as to this claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

*Miller–El v. Cockrell*, 537 U.S. at 322.  Accordingly, the Clerk shall forward the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

DATED:  January 23, 2015

RICHARD SEEBORG
United States District Judge